PESHINE REALTY COMPANY v. JOHN G. SCOTT, BUILD-
ING INSPECTOR, ET AL.

Decided November 20, 1926.

Zoning—Stores in Residential Section—Case Within the Nutley Case, Ignaciunas v. Risley—The Appeal to the Local Board of Adjustment was Taken Before the Passage of the Act of 1926, Giving General Powers to the Board—Mandamus the Proper Remedy.

On demurrer to return to an alternative writ of *mandamus*.

---

Supreme Court—Peshine Realty Co. v. Scott.

---

Before Gummere, Chief Justice, and Justices Trenchard .and Minturn.

For the relator, *Saul & Joseph E. Cohn.*

For the defendants, *Walter C. Ellis.*

Per Curiam.

The relator applied to Scott, the building inspector of the city of East Orange, for a permit allowing the erection of a two-story brick structure, containing four stories on the first floor and two living apartments on the second floor, upon a piece of property owned by it, fronting upon Park avenue, in that city. The inspector refused to issue the permit upon the sole ground that the zoning ordinance of the city prohibited the erection of such a building in that part of the municipality in which the relator's lot was located. The relator then appealed to the board of adjustment of the city, and that body affirmed the action of the inspector, and for the reason upon which his refusal was based. An alternative writ of *mandamus* was then prayed for and allowed.

On the facts recited, which are admitted in the return to the alternative writ, we are of the opinion that the refusal to issue the permit was without legal justification, and that, under the doctrine of the Nutley case, a peremptory writ should issue.

It is suggested that proper procedure would require the relator to sue out a *certiorari* to review the action of the board of adjustment instead of applying for a *mandamus* against the building inspector. It, however, has been decided in the cases of *Losick* v. *Binda,* 3 *N. J. Mis. R.* 420, and *Lutz* v. *Kaltenback,* 4 *N. J. Adv. R.* 341, that boards of adjustment have no power to pass on the legality of the action of the building inspector, and that their attempt to do so is a mere nullity. This being so, the present procedure was proper, as was held in the cited cases.

The application for the permit, its refusal, the appeal to the board of adjustment, and the action of the latter on that

appeal, all of them took place before the enactment of chapter 315 of the laws of 1926, page 526; and, consequently, that statute—which vests in boards of adjustment general powers of review in cases of appeal of the action of building inspectors—has no application to the present proceeding.

A peremptory writ will issue, commanding the building inspector to grant the permit applied for.